**United States District Court**
For the Northern District of California

1

2

3                                                     *E-Filed 4/26/13*

4

5

6

7

8                    UNITED STATES DISTRICT COURT

9                  NORTHERN DISTRICT OF CALIFORNIA

10                      SAN FRANCISCO DIVISION

11

12   BONIFACIO ALEJANDRES-SANTOS,          No. C 13-0406 RS (PR)

13            Petitioner,                  **ORDER REOPENING ACTION;**

14        v.                               **ORDER TO SHOW CAUSE WHY
                                           THE PETITION SHOULD NOT BE**
15   RANDY GROUNDS,                        **DISMISSED**

16            Respondent.
                                    /
17

18

19        This federal habeas corpus action was dismissed because petitioner failed to file a

20   complete application to proceed *in forma pauperis* ("IFP"), or (2) pay the filing fee of $5.00.

21   Petitioner has since filed a complete IFP application and a motion to reopen.  The motion to

22   reopen (Docket No. 5) is GRANTED, the action is hereby REOPENED, and the Clerk is

23   directed to amend the docket accordingly.  Petitioner's IFP motion (Docket No. 6) is

24   GRANTED.  The judgment (Docket No. 3) and the order of dismissal (Docket No. 4) are

25   VACATED.

26

27

28

**United States District Court**
For the Northern District of California

1    Petitioner is ordered to show cause on or before June 1, 2013 why the petition should

2 not be dismissed for failure to (1) exhaust his claims in state court, and (2) sign his petition.

3 Prisoners in state custody who wish to challenge collaterally in federal habeas proceedings

4 either the fact or length of their confinement are first required to exhaust state judicial

5 remedies, either on direct appeal or through collateral proceedings, by presenting the highest

6 state court available with a fair opportunity to rule on the merits of each and every claim they

7 seek to raise in federal court. *See* 28 U.S.C. § 2254(b), (c); *Rose v. Lundy*, 455 U.S. 509,

8 515–16 (1982).  The state's highest court must be given an opportunity to rule on the claims

9 even if review is discretionary. *See O'Sullivan v. Boerckel*, 526 U.S. 838, 845 (1999)

10 (petitioner must invoke "one complete round of the State's established appellate review

11 process").  Even though non-exhaustion is an affirmative defense, the petitioner bears the

12 burden of proof that state judicial remedies were properly exhausted. *Parker v. Kelchner*,

13 429 F.3d 58, 62 (3d Cir. 2005).  If available state remedies have not been exhausted as to all

14 claims, the district court must dismiss the petition. *See Rose*, 455 U.S. at 510.  **In his**

15 **response to this order, petitioner must state under penalty of perjury which claims he**

16 **has exhausted, if any.**

17    Petitioner, or his representative, also must address his failure to sign his petition.

18 Petitioner's sister, not petitioner, signed his petition.  In the response to this order, petitioner

19 or his sister must establish standing to sign on petitioner's behalf.  A person other than the

20 detained person may file an application for a writ of habeas corpus and establish standing as

21 a "next friend." *Whitmore v. Arkansas*, 495 U.S. 149, 163 (1990).  A next friend does not

22 himself become a party to the habeas petition, "but simply pursues the cause on behalf of the

23 detained person, who remains the real party in interest." *Id.*  There are two firmly rooted

24 prerequisites to "next friend" standing.  First, a next friend "must provide an adequate

25 explanation — such as inaccessibility, mental incompetency, or other disability — why the

26 real party in interest cannot appear on his own behalf to prosecute the action."  Second, the

27 next friend "must be truly dedicated to the best interests of the person on whose behalf he

28

No. C 13-0406 RS (PR)

**United States District Court**
For the Northern District of California

1  seeks to litigate and it has been further suggested that a next friend must have some

2  significant relationship with the real party in interest." The purported next friend bears the

3  burden "to establish the propriety of his status and thereby justify the jurisdiction of the

4  court." *Id.* at 163–64 (citations omitted).

5       **If petitioner fails to file an appropriate response by the above date, the petition**

6  **will be dismissed under Federal Rule of Civil Procedure 41(b) for failure to prosecute.**

7  The Clerk shall terminate Docket Nos. 5 and 6.

8       **IT IS SO ORDERED**.

9  DATED:  April 26, 2013

10                                    RICHARD SEEBORG
                                      United States District Judge

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28