*E-Filed 4/26/13*

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN FRANCISCO DIVISION

| | |
|---|---|
| BONIFACIO ALEJANDRES-SANTOS, | No. C 13-0406 RS (PR) |
| Petitioner, | **ORDER REOPENING ACTION;** |
| v. | **ORDER TO SHOW CAUSE WHY THE PETITION SHOULD NOT BE DISMISSED** |
| RANDY GROUNDS, | |
| Respondent. | |

This federal habeas corpus action was dismissed because petitioner failed to file a complete application to proceed *in forma pauperis* ("IFP"), or (2) pay the filing fee of $5.00. Petitioner has since filed a complete IFP application and a motion to reopen. The motion to reopen (Docket No. 5) is GRANTED, the action is hereby REOPENED, and the Clerk is directed to amend the docket accordingly. Petitioner's IFP motion (Docket No. 6) is GRANTED. The judgment (Docket No. 3) and the order of dismissal (Docket No. 4) are VACATED.

1  Petitioner is ordered to show cause on or before June 1, 2013 why the petition should
2  not be dismissed for failure to (1) exhaust his claims in state court, and (2) sign his petition.
3  Prisoners in state custody who wish to challenge collaterally in federal habeas proceedings
4  either the fact or length of their confinement are first required to exhaust state judicial
5  remedies, either on direct appeal or through collateral proceedings, by presenting the highest
6  state court available with a fair opportunity to rule on the merits of each and every claim they
7  seek to raise in federal court. *See* 28 U.S.C. § 2254(b), (c); *Rose v. Lundy*, 455 U.S. 509,
8  515–16 (1982). The state's highest court must be given an opportunity to rule on the claims
9  even if review is discretionary. *See O'Sullivan v. Boerckel*, 526 U.S. 838, 845 (1999)
10 (petitioner must invoke "one complete round of the State's established appellate review
11 process"). Even though non-exhaustion is an affirmative defense, the petitioner bears the
12 burden of proof that state judicial remedies were properly exhausted. *Parker v. Kelchner*,
13 429 F.3d 58, 62 (3d Cir. 2005). If available state remedies have not been exhausted as to all
14 claims, the district court must dismiss the petition. *See Rose*, 455 U.S. at 510. **In his
15 response to this order, petitioner must state under penalty of perjury which claims he
16 has exhausted, if any.**

17  Petitioner, or his representative, also must address his failure to sign his petition.
18 Petitioner's sister, not petitioner, signed his petition. In the response to this order, petitioner
19 or his sister must establish standing to sign on petitioner's behalf. A person other than the
20 detained person may file an application for a writ of habeas corpus and establish standing as
21 a "next friend." *Whitmore v. Arkansas*, 495 U.S. 149, 163 (1990). A next friend does not
22 himself become a party to the habeas petition, "but simply pursues the cause on behalf of the
23 detained person, who remains the real party in interest." *Id.* There are two firmly rooted
24 prerequisites to "next friend" standing. First, a next friend "must provide an adequate
25 explanation — such as inaccessibility, mental incompetency, or other disability — why the
26 real party in interest cannot appear on his own behalf to prosecute the action." Second, the
27 next friend "must be truly dedicated to the best interests of the person on whose behalf he
28

seeks to litigate and it has been further suggested that a next friend must have some significant relationship with the real party in interest." The purported next friend bears the burden "to establish the propriety of his status and thereby justify the jurisdiction of the court." *Id.* at 163–64 (citations omitted).

**If petitioner fails to file an appropriate response by the above date, the petition will be dismissed under Federal Rule of Civil Procedure 41(b) for failure to prosecute.** The Clerk shall terminate Docket Nos. 5 and 6.

**IT IS SO ORDERED**.

DATED: April 26, 2013

_____
RICHARD SEEBORG
United States District Judge